## BLANCHARD et al. *v.* GROUSSET.

A plea by the defendant, in an action commenced by attachment, that the claim sued on was not owned by plaintiffs at the time when the suit was commenced, is not such a plea as is required to be pleaded *in limine litis*.

Plaintiffs having purchased a quantity of merchandize for defendant, drew upon him for the price, and sold the bills, which were accepted by defendant, but protested for non-payment at maturity.   On the day on which notice of protest was received, the holders called upon plaintiffs for payment, when it was agreed that one of the plaintiffs should secure the re-payment of the amount of the bills, in three annual instalments, by conveying to the latter certain real estate provided his titles should be found satisfactory, the vendor reserving the right to redeem the property upon making the stipulated payments.   In consequence of the delay occasioned by the investigation of the titles, the sale was not completed until several days after, when the bills were delivered to the plaintiffs.   An action was commenced by plaintiffs against defendant, for the amount of the bills, on the day when notice of protest was received by the holders, and certain property attached.   A third person, claiming the property under an assignment made by defendant previous to the institution of suit, intervened.   On an objection that plaintiffs were not the creditors of defendant at the time of the attachment:   *Held*, that the agreement between plaintiffs and the holders was suspensive and conditional, depending upon a future and uncertain event; that it was not consummated until the sale of the real estate and the delivery of the bills to plaintiffs; that the contract, when finally concluded, did not relate back to the commencement of the negotiation, and invest the plaintiffs with a title to the bills from that time; and that, not having been creditors of defendant at the time of suing, the attachment cannot be maintained.

APPEAL by the defendant and intervenor from a judgment of the Commercial Court of New Orleans, *Watts*, J., in favor of the plaintiffs.

*W. S. Upton* and *Olcott*, for the plaintiffs.   The plaintiffs were the owners of the bills at the time of instituting suit.   Civ. Code, arts. 1793 to 1799, 2431, 2631.

*Bodin, Benjamin* and *Micou*, for the appellants.   The plaintiffs were not creditors of defendant at the date of the attachment.   *Planters Bank* v. *Lanusse*, 10 Mart. 690.   *Millaudon* v. *Foucher*, 8 La. 582.   *Taylor* v. *Drane*, 13 La. 64.   *Black* v. *Zacharie*, 3 Howard, 501.

The judgment of the court was delivered by

KING, J.   The plaintiffs claim from the defendant $11,000, alleging that the indebtedness arose from the purchase which they made of 500 bales of cotton for the defendant.   For that sum the plaintiffs drew upon the defendants two bills, one for $5,000, and the other for $6,000, both of which were of the same date, matured at the same time, and were negotiated by *Robb & Hoge* of this city. These bills were accepted by the defendant, but at their maturity not having been paid, were protested, of which the holders, *Robb & Hoge*, received notice on the 4th of February following.   On the day on which this notice of dishonor

was received by the holders, they called upon the plaintiffs for payment of the bills with damages, when it was agreed that *Moore*, of the house of *Blanchard*, *Eimer & Co.*, should secure the repayment of the amount claimed in three annual instalments, by conveying to *Robb & Hoge*, certain real estate in the First Municipality, provided the titles to it should be found satisfactory. The vendor reserved the right of redeeming the property upon making the stipulated annual payments. The titles to the property were placed in the hands of an attorney, and, in consequence of the delay occasioned by this investigation, the sale was not made until the 10th of February, on which day *Robb & Hoge* delivered the bills to the plaintiffs.

On the 18th of January, *Grousset*, the defendant, made an assignment of all his effects then in the possession of *Longis*, of this city, to *George Brady*, of the city of New York, for the use of *Felix Grousset*, of Marseilles, in France, who was the brother of the defendant and his creditor for a large amount. On the 30th, or 31st of January, 1841, *Longis* states that he received a notice of the assignment, and instructions to transfer on his books the property of the defendant, in his hands, to *Brady*, to whom he was directed to account and make remittances.

This suit was commenced on the 4th of February, 1841, by attachment, and all the effects supposed to belong to the defendant were seized, on the same day, in the hands of *Longis*, who was made a garnishee in the proceedings.

*Brady* has intervened in the suit, and claims the effects in the hands of *Longis*, for the use of *Felix Grousset*.

It is objected to the claim of the plaintiffs : 1st. That they were not the creditors of *Grousset* at the date of the attachment, bills having been drawn for the amount due by him, which had been accepted, and were at that time held by third persons.

2d. That the sale and delivery of the property in the hands of *Longis*, had taken place before the commencement of the suit.

The conclusion at which we have arrived upon the first point, will render it unnecessary that we should consider the second. To the first objection the plaintiff answers, that it is a plea of prematurity, which is a dilatory exception, and should have been pleaded *in limine litis*. We consider that the plea of prematurity, which assumes that the debt claimed was not due at the inception of the suit, differs substantially from that opposed by the present defence, which is not that the debt was not due, but that it was not owned by the plaintiffs at the date of the attachment. It is clear that when the suit was instituted the debt was due, an advance had been made, and bills for the amount of that advance had been drawn, accepted, and protested for non-payment. The answer raises directly the issue, who was the creditor of *Grousset*, at the commencement of the present action, and, as such, then enjoyed a right of action against him? This issue we will proceed to consider.

In the case of *Black et al.* v. *Zacharie & Co.*, the same question arose upon substantially the same state of facts. In that case the Supreme Court of the United States say : "In respect to the first question, it is plain to us that there was no debt due to *Zacharie & Co.*, at the time when the attachment was made. The supposed debt was for the proceeds of a crop of sugar and molasses, sold by *Black*, on account of *Zacharie & Co.* Assuming those proceeds to be due and payable, *Zacharie & Co.* had drawn certain bills of exchange upon *Black*, which had been accepted by the latter, for the full amount of those proceeds ;

BLANCHARD
*v.*
GROUSSET.

BLANCHARD
v.
GROUSSET.

and all of these bills have been negotiated to third persons, and were then outstanding, and three of them not yet due. It is clear, upon principles of law, that this was a suspension of all right of action in *Zacharie & Co.*, until after those bills had become due and dishonored, and *were taken up by Zacharie & Co.* 3 Howard's Rep. p. 510.

Were the bills in the present case *taken up* by the plaintiffs, at the commencement of the suit? It is contended that they were; that the effect of the agreement between *Robb & Hoge*, of the 4th of February, was to invest the plaintiffs with the title to the bills on that day.

That agreement, it has been seen, was conditional, that the title to the property proposed to be conveyed, should prove, upon examination, to be satisfactory. The condition was suspensive, depending upon a future and uncertain event, and the contract could not be executed until after that event. Civil Code, art. 2038. If the titles had been discovered to be defective, the agreement would have been at an end. *Robb*, one of the parties to the contract, states, in his testimony, that such was the nature of the understanding; and this is further confirmed by the fact, that his firm retained possession of the bills until the 10th, the date of the transfer, when they were first delivered to the plaintiffs.

We are of opinion that the agreement was not consummated until the sale of the real estate and the delivery of the bills to the plaintiffs, and that the contract, when finally concluded, did not relate back to the commencement of the negotiations, and reinvest the plaintiffs with the title to the bills on the 4th of February. The plaintiffs, not having been creditors at the commencement of the suit, the attachment cannot be maintained.

It is, therefore, ordered and decreed, that the judgment of the Commercial Court be avoided and reversed; that the attachment issued in this case be dismissed; and that there be judgment against the plaintiffs as in case of non-suit, they paying the costs in both courts.